### CITY OF MIAMI v. OROPESA.

Circuit Court, Dade County, Criminal Appeal.

June 13, 1957.

James I. Davis, Miami, for appellants.

John H. Winkle, Assistant City Attorney, for appellee.

RAY PEARSON, Circuit Judge.

This appeal was submitted to the court on a stipulation of facts for the purpose of appeal entered into by the attorneys for the appellant and the appellee.

On May 1, 1956 a city police officer issued citations for overtime parking in a meter zone and placed such citations on two vehicles owned by the corporations, Olin's Inc. and Olin's Airport U-Drive-It, Inc., the appellant herein being assistant sales manager of such two corporations.

No persons were present at either vehicle at the time of the issuance of such citations.

There was no showing before the lower court as to who had possession or control of the vehicles at the time the citations were issued, except that they were rented automobiles.

There was no showing at the trial that either of the defendant corporations had knowledge of the whereabouts of the two cars involved at the time of the offenses charged or had countenanced any particular use to be made thereof.

Section 5, subparagraph B or chapter 55 of the Miami City Code reads—

"B. *In parking meter zones.* It shall be unlawful for any driver, operator, or other person having custody and control of any vehicle, to cause or permit such vehicle to be placed or re-

main in any space adjacent to any parking meter in this city while such meter is displaying a signal indicating that the vehicle occupying such parking space has been parked beyond the period of time prescribed for such space. Parking meters in operation in this city may indicate thereon the time limit for parking in such parking zone."

Section 20 of chapter 55 of the city code reads—

"Section 20. *Liability of registered owners of vehicles unlawfully parked.*

"It shall be unlawful for any person to countenance, cause, permit or suffer any vehicle registered in his name to stop, stand or park upon any of the public streets or public places in this city, including parking meter zones, in violation of any of the provisions of this article. It is hereby provided, however, that in no case shall two persons be penalized for any one violation. (Ord. 2574, Sec. 28, Oct. 21, 1941.)"

The constitutionality of section 20 is not attacked. The sole question is—Does the wording of this ordinance make a title owner liable for an overtime parking ticket on no more showing to the court than the ownership of the vehicle at the time?

No cases were submitted to the court by the attorneys representing either of the parties to this appeal—they merely argued as to what they thought the law ought to be.

In examining section 20 of the Miami City Code, it is the considered opinion of this court that the city of Miami, appellee herein, has fallen short of the requirements of its own ordinances.

The judgment and sentence of the lower court are therefore respectfully reversed.